IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CHARLES MACKEY,                                :
                                               :
          Plaintiff,                           :
                                               :
VS.                                            :          CIVIL ACTION FILE NO.
                                               :          **1: 04-CV-187 (WLS)**
SERGEANT BELL, et al.,                         :
                                               :
          Defendants.                          :
_____

## RECOMMENDATION

Presently pending in this *pro se* prisoner action under 42 U.S.C § 1983 are plaintiff's

motion for a temporary restraining order or preliminary injunction (Doc. No. 22), and

defendants' motions for summary judgment. (Doc. No. 23 and 26).

Plaintiff at all times relevant to this action, was a inmate at Autry State Prison with a mental

classification of level three.  He alleges on April 30, 2004, he was stabbed by another prisoner,

Jonathan Hayes, in the back of the head and repeatedly beaten by the inmate.  Another inmate,

Cox, took the shank away from Hayes and gave it to authorities when they arrived.  Plaintiff was

admitted to the prison infirmary and treated for the wounds received during the altercation.  On

May 7, 2004, plaintiff was handcuffed and moved by defendants Bell and McGee to J-2

administrative segregation cell # 145.  Apparently, prisoner Jonathan Hayes was also in that cell,

and he immediately proceeded to physically attack plaintiff again while plaintiff's hands were

handcuffed behind his back.  Sergeant Bell and McGee remained outside the closed door of the

cell yelling at someone in the control booth to open the door to the cell.  Once the door was

opened, Bell and McGee went in and restrained prisoner Hayes.  Plaintiff states that defendants

failed to protect him from a known danger in violation of his constitutional rights.

*Motion for a Temporary Restraining Order*

Plaintiff has filed this motion for a temporary restraining order or preliminary injunction requiring defendants to arrange for "protection, mental health treatment rights, immediately transfer and all other matters relative to such recall..."  In this motion, plaintiff basically re-alleges the nature of his claims against defendants, but does not offer specifics as to the preliminary injunction.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest.  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983)  (quoting  Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

It does not appear that plaintiff has met his burden in showing any of the four prerequisites. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion for a temporary restraining order or preliminary injunction be **DENIED**.

2

*Summary Judgment*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235 (11th Cir. 1992)(citing <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial.  <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex</u>, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of

3

law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

An examination of the file reveals that the motion for summary judgment filed at docket number 23 is actually from another case in which this plaintiff is also plaintiff, case no. 1:04-CV-182. This obviously being a mistake, it is the RECOMMENDATION of the undersigned that the motion be **DENIED**. The motion has been properly filed in the right case, but for some reason remains pending in this case.

The undersigned will now move on to the defendants' motion for summary judgment that is properly before the court at docket number 26.

It is well settled that a prison inmate has a constitutional right to be protected from the constant threat of violence and from physical assault by other inmates. Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir.1981). *See also* Harmon v. Berry , 728 F.2d 1407, 1409 (11th Cir.1984) (per curiam). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. " 'In order to state a §§ 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature.' " Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir.1981), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)).

Under Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994) and its progeny, a prison

4

official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).     An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendations, cannot be condemned as the infliction of punishment for Eighth Amendment purposes.  Farmer, 511 U.S. at 838.  Merely negligent failure to protect an inmate from attack does not justify liability under section 1983. Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

   Defendants make the argument that plaintiff has failed to show that he was actually placed in a cell with inmate Hayes, or that inmate Hayes attacked plaintiff.  Instead, defendants point out in the complaint that plaintiff alleges that when prison officials arrived at the scene of the first altercation, Hayes was surrounded by plaintiff and inmate Cox, and Cox was the one holding the 12 inch shank used in the attack.  Then defendants say that "in reality, it wasn't Plaintiff that needed protection from inmate Hayes, but inmate Hayes that needed protection from plaintiff and inmate Cox."  (Defendants' brief, page 5).

   However, in plaintiff's complaint, he states that inmate Cox took the shank out of Hayes hand after Hayes had already stabbed plaintiff.  Plaintiff also states that, while he received a disciplinary report charging him with attacking inmate Hayes, upon a hearing, the charge was

dismissed and his record expunged of the charge.  Further, plaintiff claims that the warden made

a written response regarding the incident, stating that "You were placed in the cell with inmate

Hayes due to staff not documenting on the door sheets, C.E.R.T. Officers Bell and McGee state

they were [sic] did not know you had been in an altercation with inmate Hayes.  We will advise

Security Staff to review their procedure on documentation so this type of incident will not occur

again." (Complaint p.10).  And most compellingly, it was plaintiff that was injured on two

separate occasions, not Hayes.  The undersigned does not find this argument persuasive.

    Defendants are, however, entitled to summary judgment in their official capacities under the

Eleventh Amendment.  Edelmand v. Jordan, 415 U.S. 615 (1974).

    Defendants also raise failure to exhaust administrative remedies.  Plaintiff states in his

complaint that he filed a grievance, but gives no specifications as to its outcome.   However,

defendants have filed no documentation or certification showing that plaintiff has failed to

exhaust administrative remedies, instead merely stating that "..Plaintiff failed to file a timely

grievance."

    It appears to the undersigned that defendants have not shown that they are entitled to

summary judgment except with regards to their official capacity claims.  Consequently, it is the

RECOMMENDATION of the undersigned that defendants' motion for summary judgment be

**GRANTED as to their official capacity and DENIED in part**.  Pursuant to 28 U.S.C. §

636(b)(1), the parties may file written objections to this recommendation with the Honorable W.

Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

6

**SO RECOMMENDED**, this 22nd  day of February, 2006.


//S Richard L. Hodge
_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd