**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| CHARLES MACKEY, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | 1:04-CV-187 (WLS) |
| : | |
| SERGEANT BELL, : | |
| : | |
| Respondent : | |
| : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L. Hodge (Doc. 42), filed on February 22, 2006. It is recommended that Petitioner's Motion for Preliminary Injunction or Temporary Restraining Order (Doc. 22) be denied, Respondent Bell's Motion for Summary Judgment (Doc. 23) be denied, and Respondents Bell, McGee, Brandful, and Head's Motion for Summary Judgment (Doc. 26) be granted-in-part and denied-in-part. No objection has been filed.

**I.     Petitioner's Motion for Preliminary Injunction or Temporary Restraining Order**

In his Recommendation, Judge Hodge cited well-established Eleventh Circuit case law in noting that "[i]n order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest."  (Doc. 42) (internal citations omitted).  Judge Hodge further noted that "[t]he preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites; [furthermore], [t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff." *Id*. (internal citations and quotations omitted).

From the undersigned's review of the instant objection, Petitioner simply reiterates his claims against Respondents offering no specific information through which he could meet his

burden of persuasion under the preliminary injunction standard. Accordingly, Judge Hodge recommended Petitioner's Motion be denied. (Doc. 42). As to the Recommendation on the instant motion, Petitioner's objections are reiterations of arguments made in his initial Motion and addressed by the Magistrate Judge in his Recommendation. (Doc. 43; *see also* Doc. 22). For the reasons stated, Petitioner's objection is overruled and the Motion is **DENIED**.

## II.     Respondent Bell's Motion for Summary Judgment

Having reviewed Respondent Bell's Motion for Summary Judgment (Doc. 23), Judge Hodge found the same to have been filed in another case in which Petitioner is a party, Mackey v. Jimmy Autry State Prison, 1:04-cv-00182 (WLS-RLH), and mistakenly re-filed here. (Doc. 42). Accordingly, Judge Hodge recommended Respondent Bell's Motion be denied in this case. Neither party objected to the instant recommendation.

## III.    Respondents Bell, McGee, Brandful, and Head's Motion for Summary Judgment

Citing Farmer v. Brennan, 511 U.S. 825 (1994), Helling v. McKinney, 509 U.S. 25 (1993), and Wilson v. Seiter, 501 U.S. 294 (1991), Judge Hodge noted that "a prison official's 'deliberate indifference' to a substantial serious risk of serious harm to an inmate violates the Eighth Amendment." (Doc. 42). In his recommendation, Judge Hodge found unpersuasive Respondents' arguments: 1) that Petitioner failed to show that he was actually placed in a cell with inmate Hayes or that inmate Hayes attacked Petitioner; 2) that, "in reality, it wasn't Petitioner that needed protection from inmate Hayes, but inmate Hayes that needed protection from plaintiff and inmate Cox." (Doc. 42). Judge Hodge also found that Respondents have filed no documentation or certification showing that Petitioner failed to exhaust his administrative remedies. *Id*. Having reviewed the facts presented, Judge Hodge found that Respondents have not shown they are entitled to summary judgment in their individual capacities. *Id*. However, relying on Edelmand v. Jordan, 415 U.S. 651 (1974), *overruled on other grounds by* Will v. Mich. Dep't. of State Police, 491 U.S. 58 (1989), Judge Hodge found that Respondents are entitled to summary judgment in their official capacities.

Petitioner objects to the portion of Judge Hodge's Report recommending a finding of summary judgment in favor of Respondents in their official capacities. (Doc. 43). Specifically,

Petitioner argues that "this case presents government misconduct so egregious that any reasonable official would have known that it violates the [C]onstitution – regardless of preexisting case law." *Id*.  Petitioner offers nothing of substance in support of his argument. The Court, having reviewed the record, does not find Petitioner to have submitted any evidence or case law which could support his claim against Defendants in their official capacity.  *See* Waddell v. Hemerson, 329 F.3d 1300 (11th Cir. 2003) (in order to show a government actor's conduct violated a constitutional right, a plaintiff is required: 1) to show that the conduct violated a "clearly established" constitutional right or 2) to submit evidence which could support a finding that the decisions at issue made by the government actor were egregious – that is shocking to the conscience – at the time the decisions were made)**.**

**IV.    Conclusion**

Upon full review and consideration upon the entire record, and taking into consideration the objections of Petitioner, the Court finds that said Report and Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the order of this Court for reason of the findings and reasons set out therein, together with the findings made and conclusions reached herein. (Doc. 42).  Accordingly, Petitioner's Motion for Preliminary Injunction or Temporary Restraining Order (Doc. 22) is **DENIED**; Respondent Bell's Motion for Summary Judgment (Doc. 23) is **DENIED AS INADVERTENTLY FILED**; and Respondents Bell, McGee, Brandful, and Head's Motion for Summary Judgment (Doc. 26) is **GRANTED-IN-PART** as to Petitioner's claims against Defendants in their official capacities, and **DENIED-IN-PART** as to Petitioner's claims against Defendants in their individual capacities.

**SO ORDERED**,  this    29th    day of March, 2006.

        /s/W. Louis Sands         
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**